UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

FRANCESCA CONFORTI,

                      Plaintiff,           19-cv-2958 (JGK)

        - against -           MEMORANDUM OPINION
                                         AND ORDER
NANCY A. BERRYHILL,

                      Defendant.

───────────────────────────────────────

JOHN G. KOELTL, District Judge:

The plaintiff, Francesca Conforti, brought this action against Nancy A. Berryhill in her capacity as Acting Commissioner of Social Security, seeking judicial review of a decision of the Commissioner of Social Security (the "Commissioner") pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g).

On January 6, 2020, upon a stipulation of the parties, the Court ordered the action remanded to the Commissioner for further administrative proceedings. The plaintiff now moves for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Upon review of the submissions and applicable law, the plaintiff's motion for attorney fees is **granted in part,** for a total award of $6,034.51, payable to the plaintiff.

I

The plaintiff applied for social security disability insurance benefits ("DIB") on August 24, 2015. R. at 10. The Commissioner denied the application on December 31, 2015. R. at

89. On February 21, 2018, an Administrative Law Judge ("ALJ")
issued a decision denying the plaintiff's claim. R. at 7. The
plaintiff requested review of the ALJ's decision and on January
30, 2019, the Appeals Council denied the request. R. at 1.

The plaintiff brought this action on April 3, 2019 and moved
for judgment on the pleadings pursuant to Rule 12(c) of the
Federal Rules of Civil Procedure on November 18, 2019. On January
6, 2020, the parties submitted a proposed stipulation to remand
the action to the Commissioner for further administrative
proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and
the Court granted the request.

The plaintiff moves for attorney fees pursuant to 28 U.S.C. §
2412(d) in the amount of $7,543.14. See Alegria Decl., ECF No. 19.
The plaintiff also requests that such attorney fees be made
payable to the plaintiff's attorney pursuant to the plaintiff's
assignment of EAJA fees in her attorney retainer agreement. The
Commissioner opposes the request in two respects. First, the
Commissioner argues that the award should be reduced. Second, the
Commissioner argues that the award should be paid to the plaintiff
herself and not her attorney.

## II

The EAJA provides that "a court shall award to a prevailing
party . . . fees and other expenses . . . incurred by that party
in any civil action . . . including proceedings for judicial
review of agency action, brought by or against the United States

. . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). a party seeking such an award must submit an application, which must (1) be made "within thirty days of final judgment in the action," (2) "show[] that the party is a prevailing party and is eligible to receive an award under this subsection," (3) provide "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed," and (4) "allege that the position of the United States was not substantially justified." Id. § 2412(d)(1)(B).

Here, the plaintiff satisfied the statutory requirements by filing a timely motion, supported by a declaration that included a list of the attorney's activities totaling 36.3 hours, an hourly rate of $207.80, and a total award request of $7,543.14. And the Commissioner does not dispute that the plaintiff was a prevailing party or that the position of the United States was not substantially justified. But the Commissioner contends that the hours should be reduced to account for instances of vague and insufficient description of services rendered and instances of billing for services not reimbursable under the EAJA.

The EAJA provides for an award of "reasonable attorney fees." Id. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours

3

reasonably expended on the litigation multiplied by a reasonable

hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983),

superseded by statute on other grounds, 42 U.S.C. § 1988(b), as

recognized in Williams v. Metro-N. R.R. Co., No. 17-CV-3847, 2018

WL 3370678, at *5 (S.D.N.Y. June 28, 2018), report and

recommendation adopted, 2018 WL 3368713 (S.D.N.Y. July 10, 2018).

There is no dispute about the proposed hourly rate in this case.

Under the EAJA, "attorney fees shall not be awarded in excess of

$125 per hour unless the court determines that an increase in the

cost of living . . . justifies a higher fee." 28 U.S.C. §

2412(d)(2)(A)(ii). The plaintiff has shown that the increase in

the cost of living since 1996 justifies a rate of $207.80, and

this rate is adopted for the calculation of a reasonable fee

award. See Kerin v. USPS, 218 F.3d 185, 194 (2d Cir. 2000).[1]

As to the number of hours expended, while "[t]he district

court need not have scrutinized each action taken or the time

spent on it," Aston v. Sec'y of Health & Human Servs., 808 F.2d 9,

11 (2d Cir. 1986), the court may reduce the award when

"documentation of hours is inadequate," and may exclude from the

award calculation "hours that were not reasonably expended."

Hensley, 461 U.S. 433-34. In particular, administrative and

clerical tasks are not reimbursable under the EAJA. See Kottwitz

v. Colvin, 114 F. Supp. 3d 145, 148 (S.D.N.Y. 2015); see also

Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989).

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all
alterations, citations, footnotes, and internal quotation marks in quoted text.

The plaintiff's request here was based on 36.3 hours
expended. That amount of time is within the range that courts
generally consider reasonable for routine Social Security cases.
See Salvo v. Comm'r of Soc. Sec., 751 F. Supp. 2d 666, 674
(S.D.N.Y. 2010) ("[M]any district courts in the Second Circuit
find that twenty to forty hours is a reasonable amount of time to
spend on routine Social Security cases . . . ."). Nonetheless, the
review of the attorney's submission reveals some deficiencies that
warrant a reduction in the fee award. See Alegria Decl. Ex. 1.
First, entries on April 3, 2019, May 16, 2019, and November 18,
2019, for a total of 13.67 hours, include clerical tasks such as
"filing" that are not reimbursable under EAJA. See Kottwitz, 114
F. Supp. 3d at 148. Second, entries on November 16, 2019, November
17, 2019, and November 18, 2019, for a total of 24 hours, are too
vague to justify recovery because they merely state "case review &
research," "begin motion draft," and "draft, edit, complete & file
motion," respectively. See D.J. ex rel. Roberts v. City of New
York, No. 11-CV-5458, 2012 WL 5431034, at *7 (S.D.N.Y. Oct. 16,
2012), report and recommendation adopted sub nom. Roberts v. City
of New York, 2012 WL 5429521 (S.D.N.Y. Nov. 7, 2012) (collecting
cases on the proposition that attorney time entries "which merely
state[] that 'research' was performed, without describing the
issues for which research was required, are generally considered
too vague to justify full recovery"). Third, entries on January
17, 2020 and March 12, 2020 contain an inconsistency because the

later entry states "begin draft EAJA fee motion," which the
earlier entry already described as being "prep[ped]."

Where attorney time records are inadequate to allow for
judicial review, it is appropriate for the Court to reduce the
hours stated. See Hensley, 461 U.S. at 433. A percentage
reduction, typically in the range of twenty to thirty percent, is
often applied as a "practical means of trimming fat from a fee
application." N.Y. State Ass'n for Retarded Children, Inc. v.
Carey, 711 F.2d 1136, 1146 (2d Cir. 1983); see also, e.g., Kirsch
v. Fleet St. Ltd., 148 F.3d 149, 173 (2d Cir.1998) (affirming
twenty percent fee reduction for vagueness, inconsistencies, and
other deficiencies in attorney billing records); Terminate Control
Corp. v. Horowitz, 28 F.3d 1335, 1342–43 (2d Cir.1994) (finding no
abuse of discretion for a thirty percent fee reduction "due to the
lack of specific record keeping"); Suchodolski Assocs., Inc. v.
Cardell Fin. Corp., Nos. 03-CV-4148, 04-CV-5732, 2008 WL 5539688,
at *2 (S.D.N.Y. Dec. 18, 2008) (collecting cases applying
percentage reductions of up to thirty percent).

In this case, the deficiencies in the attorney's
documentation warrant a twenty percent reduction in the number of
reimbursed hours. This reduction results in 29.04 hours
reimbursed, roughly at the mid-point of the typical range for
social security cases, and a total award of $6,034.51.

III

The Commissioner also contests the plaintiff's request to make the award payable directly to the attorney pursuant to the assignment clause in the attorney's retainer agreement with the plaintiff.

The EAJA provides that an award shall be made to "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). In Astrue v. Ratliff, the Supreme Court interpreted this language to mean that "a § 2412(d) fees award is payable to the litigant" and not their attorney. 560 U.S. 586, 589 (2010). Astrue also made clear that the EAJA does not disturb any "nonstatutory (contractual and other assignment-based) rights that typically confer upon the attorney the entitlement to payment of the fees award the statute confers on the prevailing litigant." Id. at 598. Nonetheless, the Commissioner argues that the assignment of a fee award raises issues under the Anti-Assignment Act ("AAA"), which provides that a claim against the United States may be assigned

> only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued. The assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment.

31 U.S.C. § 3727(b). The question of how the AAA applies to attorney fees has not been addressed by the Second Circuit Court of Appeals. However, many district courts in the Second Circuit have followed the reasoning of the Sixth Circuit Court of Appeals

in Kerr v. Comm'r of Soc. Sec., which held that "[u]nless the government waives application of the AAA in EAJA cases, fee awards must be paid to the prevailing party, not to the party's lawyer." 874 F.3d 926, 937 (6th Cir. 2017); see also Roy H. v. Comm'r of Soc. Sec., No. 19-CV-0367, 2021 WL 58249, at *2 (W.D.N.Y. Jan. 7, 2021) ("While fee awards under the EAJA are payable to the plaintiff, the plaintiff has the right to assign the EAJA fee award to his or her lawyer, and where the Commissioner does not oppose the assignment, it can be honored under the Anti-Assignment Act."); Wayne I. v. Saul, No. 19-CV-709, 2020 WL 6146594, at *1 (N.D.N.Y. Oct. 20, 2020) ("Because the Government has not . . . opposed the assignment, the Court awards attorney's fees . . . payable to Plaintiff's counsel.").

Here, the plaintiff has not provided any reason why the AAA should not apply, and the Commissioner has opposed the assignment. And because the assignment executed by the plaintiff occurred before the "claim [was] allowed, [and] the amount of the claim [was] decided," 31 U.S.C. § 3727(b), whereas the AAA requires that an assignment may occur "only after" those events, id., and because the assignment does not meet any of the additional requirements set out in 31 U.S.C. § 3727(b), the assignment is invalid under the AAA.

Accordingly, the Commissioner shall pay the attorney fee award to the plaintiff.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the motion for attorney fees is **granted in part**, for the amount of $6,034.51, payable to the plaintiff. The Clerk is directed to close docket no. 17.

**SO ORDERED.**

**Dated:     New York, New York**
**           March 1, 2021**

                                    /s/ John G. Koeltl
                                  **John G. Koeltl**
                          **United States District Judge**